391 S.E.2d 359

**STATE of West Virginia ex rel. Timothy N. BARBER**

v.

**The Honorable Danny O. CLINE, as Judge of the Fourteenth Judicial Circuit.**

No. 19457.

Supreme Court of Appeals of West Virginia.

March 22, 1990.

Timothy N. Barber, Charleston, pro se.

Danny O. Cline, Judge, Circuit Court, Braxton County Courthouse, Sutton, pro se.

McHUGH, Justice:

In this original prohibition proceeding the relator, Timothy N. Barber, an attorney at law residing and engaged in private law practice in Kanawha County, West Virginia, seeks to prevent the respondent, the Honorable Danny O. Cline, as Judge of the Fourteenth Judicial Circuit, from enforcing an order appointing the relator to represent an indigent criminal defendant in a felony proceeding in Braxton County, West Virginia. We award the writ of prohibition for the reasons set forth in this opinion.

I

The relator has engaged in the private practice of law in Kanawha County, West Virginia, since his admission to the bar in this state in 1962. While he has practiced law in some other counties in this state, he has never appeared in person or by pleading before the Circuit Court of Braxton County, West Virginia. At the time in question he was engaged in the solo practice of law.

Braxton County is part of a four-county judicial circuit in this state, namely, the Fourteenth Judicial Circuit. *W.Va.Code,*

51–2–1n [1980].[1] All four of these counties are basically rural, and there are few lawyers engaged in the private practice of law in these counties. We have recognized previously that "lawyers in rural counties" in this state are "deluged with criminal appointments[.]" *Jewell v. Maynard,* 181 W.Va. 571, 582, 383 S.E.2d 536, 547 (1989), *opinion as modified on reh'g.* The record in this case confirms this point with respect to the Fourteenth Judicial Circuit. In syllabus point 3 of *Jewell* this Court held that no lawyer in this state may be required "to devote more than ten percent of his or her normal work year involuntarily to court appointed cases." As of November 29, 1989, when the respondent circuit court judge made the criminal appointment in question, almost all of the lawyers in the Fourteenth Judicial Circuit had been temporarily excused from further representation of indigents because such lawyers had already devoted more than ten percent of their time to representation of indigents.

The record indicates that at the time in question there were two lawyers from Braxton County who were available for appointment in that county to represent indigents. However, one of these lawyers is seventy-four years old and has a "limited practice," and the other lawyer had already exceeded the ten percent limit but had not asked to be excused from further representation of indigents. Also available for appointment in Braxton County at the time in question was a lawyer from Fayette County who had requested his name to be placed on the appointment list in Braxton, Clay and Webster Counties (only for felony cases in Braxton County).

Lawyers from counties within the Fourteenth Judicial Circuit, other than Braxton County, who at the time in question had not reached the ten percent limit consist of two lawyers from Clay County, one of whom has a "limited practice," and one lawyer from Gilmer County.[2]

At the time in question no public defender office was in operation in the Fourteenth Judicial Circuit, and no public defender office was available in any adjoining circuits, such as the Thirteenth Judicial Circuit (Kanawha County).

The relator has not alleged and shown that he had reached the ten percent limit in his practice at the time of the appointment in question by the respondent. The relator does contend, however, that the respondent has exceeded his jurisdiction by allegedly not following the attorney-appointment sequence set forth in *W.Va.Code,* 29–21–9(c) [1989].

## II

In syllabus point 6 of *Jewell v. Maynard,* 181 W.Va. 571, 383 S.E.2d 536 (1989), *opinion as modified on reh'g,* this Court held: "Circuit courts may appoint lawyers from in-circuit and out-of-circuit pursuant to the guidelines in *W.Va.Code,* 29–21–9 [1989] to represent indigent defendants in court-appointed cases, ... [O]ut-of-circuit lawyers should not be required to travel an unreasonable distance." Circuit courts ordinarily must follow the attorney-appointment sequence set forth in *W.Va.Code,* 29–21–9(c) [1989]. *Cunningham v. Sommerville,* 182 W.Va. 427, 429, 388 S.E.2d 301, 303 (1989). The attorney-appointment sequence in circuits, like the Fourteenth Judicial Circuit, where no public defender office is in operation, is ordinarily as follows: (1) a voluntary member of the local panel of attorneys; (2) a voluntary member of the regional panel of attorneys; (3) any public defender office in an adjoining circuit which agrees to the appointment; (4) qualified private attorneys from in-circuit or out-of-circuit. *W.Va.Code,* 29–21–9(c) [1989].[3]

---

**1.** The other counties in the Fourteenth Judicial Circuit are Clay, Gilmer and Webster Counties.

  The record does not indicate whether the relator has practiced law in any of these three counties.

**2.** The record does not indicate the availability of lawyers from Webster County.

**3.** *W.Va.Code,* 29–21–9(c) [1989], in pertinent part, provides:

  In circuits where no public defender office is in operation, the judge shall first refer to the local panel and then to the regional panel in making appointments, and if an appointment cannot be made from the panel attorneys, the judge may appoint the public defender office

"In each circuit" the circuit court "shall establish and maintain" a local panel and a regional panel of private attorneys who shall be available generally to serve as counsel for clients eligible to receive publicly funded legal representation. *W. Va. Code*, 29–21–9(a) [1989]. Thus, each circuit court has a mandatory duty to establish these panels. A lawyer may become a member of the local or regional panel by informing the court in writing, on forms provided by the executive director of public defender services, of a desire to accept appointments generally, or of the specific types of cases in which he or she normally will accept appointments. *W. Va. Code*, 29–21–9(b) [1989]. The lawyer shall also indicate whether he or she will accept appointments in "adjoining circuits" and, if so, in "which [adjoining] circuits." *Id.*

■ The statute does not define the terms "local panel" and "regional panel" of private attorneys. Based upon an examination of the statute in its entirety, with its repeated references to (1) "circuit," as opposed to "county," and to (2) "adjoining" circuits, this Court concludes that a "local panel" under *W. Va. Code*, 29–21–9 [1989] is a panel of private attorneys whose principal offices are located within the circuit of the court establishing and maintaining such panel. A "regional panel" under *W. Va. Code*, 29–21–9 [1989] is a panel of private attorneys whose principal offices are located in circuits adjoining the circuit of the court establishing and maintaining such panel.

■ Pursuant to *W. Va. Code*, 29–21–5(a) [1989], the executive director of public defender services has "the authority to promulgate rules, and shall have such other authority and perform such duties as may be required or necessary to effectuate" the article on delivery of public defender services, *W. Va. Code*, 29–21–1 to 29–21–20 [1989].[4] Reading *W. Va. Code*, 29–21–5(a) [1989] and *W. Va. Code*, 29–21–9(a)–(b) [1989] *in pari materia*, we hold that the executive director of public defender services has the obligation to assist each circuit court in establishing and maintaining local and regional panels of private attorneys desirous of appointments. In addition, such director has the obligation of assisting the circuit courts by developing and revising periodically a statewide list of other "qualified private attorneys" from in-circuit or out-of-circuit who may be appointed to represent indigents in eligible proceedings when no local or regional panel attorney or public defender or assistant public defender is available for appointment.[5] The administrative director of this Court and the executive director of the state bar shall, upon request, furnish appropriate assistance to the executive director of public defender services. For example, the administrative director of this Court may, if

---

of an adjoining circuit if such public defender office agrees to the appointment. In any circuit, when there is no public defender, or assistant public defender, local panel attorney or regional panel attorney available, the judge may appoint one or more qualified private attorneys to provide representation, and such private attorney or attorneys shall be treated as panel attorneys for that specific case. In any given case, the appointing judge may alter the order in which attorneys are appointed if the case requires particular knowledge or experience on the part of the attorney to be appointed.

This same subsection of the statute also provides that in circuits where a public defender office is in operation, the attorney-appointment sequence is the same as that quoted immediately above, except that the first step is to appoint the in-circuit public defender office. An in-circuit public defender office under this subsection may decline an appointment when a conflict of interest exists or when the existing caseload cannot be increased without jeopardizing the ability of defenders to provide effective representation.

**4.** The agency known as "public defender services" has "as its principal purpose the development and improvement of programs by which the state provides legal representation to indigent persons." *W. Va. Code*, 29–21–4 [1989]. Public defender services "shall administer, coordinate and evaluate programs by which the state provides legal representation to indigent persons, monitor the progress of various delivery systems, and recommend improvements." *W. Va. Code*, 29–21–3 [1989].

**5.** For a general discussion of which lawyers are "qualified private attorneys" under *W. Va. Code*, 29–21–9(c) [1989], see *Cunningham v. Sommerville*, 182 W.Va. 427, 431–433, 388 S.E.2d 301, 305–07 (1989).

necessary, provide funding assistance to the executive director of public defender services, in order to implement *W.Va.Code*, 29–21–9 [1989] on a uniform, statewide basis, utilizing questionnaires to lawyers in private practice and other data to generate lists of private attorneys who are subject to appointments.[6].

■ Even after effective implementation of *W.Va.Code*, 29–21–9 [1989], through the cooperative efforts of the circuit courts, the executive director of public defender services, the administrative director of this Court and the executive director of the state bar, there will be occasions when a circuit court will need to make an appointment of a qualified private attorney from out-of-circuit. While it is impossible to anticipate every potential abuse, and while much depends upon the sound exercise of discretion by the circuit courts, the appointment of qualified private attorneys from out-of-circuit is subject to a couple of limitations which are stated here. First, as quoted previously, syllabus point 6 of *Jewell* holds that an out-of-circuit lawyer should not be required to travel an unreasonable distance. Second, the extent to which the out-of-circuit lawyer practices law in the circuit in question must be considered. For example, an out-of-circuit lawyer in private practice who has never practiced law in a certain circuit and whose partners and associates, if any, have never practiced law in that circuit ordinarily should not be appointed to represent indigents in eligible proceedings in such circuit. The circuit court should, instead, appoint an in-circuit or out-of-circuit lawyer in private practice who is not voluntarily on the local or re-gional panel for that circuit but who regularly or occasionally practices law in such circuit.[7]

■ In the present case the relator has shown that he has never appeared before the Circuit Court of Braxton County. He has not shown that he has never appeared before the circuit court of any of the other three counties in the Fourteenth Judicial Circuit. However, the record establishes that, at the time in question, there was at least one out-of-circuit lawyer from Fayette County, adjoining the Fourteenth Judicial Circuit, who was available for appointment as a voluntary member of the regional panel for the Fourteenth Judicial Circuit, the circuit in question. The respondent has not averred that he altered the order in which attorneys were appointed because the felony proceeding involved here "requires particular knowledge or experience on the part of the attorney to be appointed." *W.Va. Code*, 29–21–9(c) [1989]. Accordingly, the respondent exceeded his jurisdiction by failing to adhere to the attorney-appointment sequence set forth in *W.Va.Code*, 29–21–9(c) [1989]. We therefore award the writ of prohibition.

Writ awarded.

---

**6.** The executive director of public defender services could, for example, require, by rule, that all lawyers "requesting" to be excused by a circuit court from further representation of indigents pursuant to *Jewell's* "ten percent rule" to send a copy of the written "request" to the executive director of public defender services so that the latter can notify other circuit courts of the unavailability of such lawyers for appointments for the remainder of that year.

Pursuant to *W.Va.Code*, 29–21–5(a) [1989], quoted in the text above, the executive director of public defender services has the authority to promulgate rules and has such other authority as may be necessary to implement the program outlined herein.

**7.** We note that the legislature very recently passed a bill (1) increasing the compensation of appointed attorneys to $45 per hour for out-of-court work and $65 per hour for in-court work; (2) increasing the maximum amount of compensation in court-appointed cases; and (3) making other changes to article 21 of chapter 29 of the *Code*. Engrossed Conference Committee Substitute for House Bill 4254, passed on March 10, 1990. These changes are not directly related to the issues in this case.